**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 01-11369
Summary Calendar

NORMAN TANKSLEY,

Plaintiff-Appellant,

versus

RAYNALDO CASTRO, Warden;
NFN BRYAN, Major; NFN SPRINKLE,
Sergeant; KAREN BYARS, Property Officer,

Defendants-Appellees.

--------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:00-CV-172
--------------------------------------------------------
April 8, 2002

Before JOLLY, BENAVIDES and STEWART, Circuit Judges:

PER CURIAM:[*]

Norman Tanksley, Texas prisoner # 575406, seeks to appeal the district court's dismissal of his 42 U.S.C. § 1983 civil rights lawsuit as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B). Tanksley renews his claim that the search of his cell and seizure of his property, including his legal materials, violated his constitutional rights and prison regulations. He also renews his claim that Sergeant Sprinkle violated his due-process rights by filing a false disciplinary case against him. Tanksley does not brief any argument in connection with his claim that Major Bryan, Karen Byars, and Warden Castro unlawfully destroyed his property and refused to take

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

any action against Sprinkle, and those claims are therefore waived. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

If his brief is liberally construed, Tanksley additionally argues, for the first time on appeal, that the defendants' conduct violated his First and Eighth Amendment rights. These newly raised arguments will not be considered. See Shanks v. AlliedSignal, Inc., 169 F.3d 988, 993 n.6 (5th Cir. 1999); Burch v. Coca-Cola, 119 F.3d 305, 319 (5th Cir. 1997).

Tanksley's claim that the search of his cell and seizure of his property violated the Fourth Amendment was properly dismissed as frivolous. See Hudson v. Palmer, 468 U.S. 517, 526 (1984). His claim that the search and seizure violated prison regulations was similarly properly dismissed because it did not implicate any constitutional right. See Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986).

Even if Tanksley's allegations concerning the seizure of his legal materials can be construed as raising a denial-of-access claim, in violation of his due-process rights, the claim fails because he has not alleged any resulting injury. See Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999). Tanksley has likewise failed to state a claim for receiving a false disciplinary case because he has not alleged that the disciplinary proceedings terminated in his favor. See Woods v. Smith, 60 F.3d 1161, 1165 n.16 (5th Cir. 1995). Moreover, the claim is factually frivolous because Tanksley's pleadings show that he admitted his guilt at the disciplinary hearing.

Tanksley has not demonstrated any error in the district court's judgment, and that judgment is AFFIRMED. Tanksley is advised that the district court's dismissal of his complaint counts as a "strike" for purposes of 28 U.S.C. § 1915(g) and is CAUTIONED that, if he accumulates three strikes, he will be precluded from proceeding in forma pauperis in any civil action while incarcerated absent a showing of imminent danger of serious physical injury.

AFFIRMED; THREE-STRIKES WARNING ISSUED.